## MAYER v. UNITED STATES.
### No. 42092.

Court of Claims.
March 6, 1939.

Eugene Meacham, of Washington, D. C., for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

## GREEN, Judge.

This is a suit to recover an alleged overpayment of income taxes for the year 1929 during which the plaintiff was a member of the partnership of A. L. Scheuer & Company which was engaged in a brokerage business. His interest in this partnership was 39.5 per cent. Of the remainder, Arnold L. Scheuer held 55.5 per cent, and Charles Ambrecht, cashier and office manager, had an interest of 5 per cent. During the year 1929 the partnership of A. L. Scheuer & Company had in effect an oral agreement with one John J. Bergen to operate in certain securities on joint accounts. These operations during that year resulted in a loss of over $350,000.

While this action was pending, by agreement of counsel, the Bureau of Internal Revenue made an examination and audit of the plaintiff's return for 1929 and this recomputation which was approved by the Commissioner of Internal Revenue disclosed a deficiency in the tax for 1929 in the amount of $3,303.20. In arriving at this deficiency the auditor allowed the partnership of A. L. Scheuer & Company one-half the losses sustained in the joint accounts with John J. Bergen, and 39.5 per cent of that amount was treated as plaintiff's share of said losses and accordingly allowed to him.

The plaintiff claims the agreement between the partnership and Bergen with reference to his operations in stock was in effect that the partnership would receive one-half of the profits, if any, but in case the operations resulted in a loss the partnership was to bear the entire amount thereof. The case turns wholly upon the question of whether such an agreement was in force as the plaintiff claims; in which event the entire loss of Bergen's operations being chargeable to the partnership and the plaintiffs' part thereof being 39.5 per cent, the amount of plaintiff's deductible loss would exceed the amount of income which he otherwise received and no tax would be due from him. This is wholly a question of fact depending upon the evidence adduced.

Plaintiff's claim with reference to this agreement is supported by the testimony of Bergen. That a concern which furnished the money or the responsibility for operations in stocks should make an agreement to bear all the losses and receive only half the profits is so extraordinary as to cast a doubt upon its existence. This agreement plaintiff alleges was entered into by Scheuer on behalf of the partnership and Bergen himself. The defendant, however, introduced the testimony of Scheuer who denied that he had any such agreement and said that the transactions which were handled jointly by the partnership and Bergen were on the basis of each sharing 50 per cent of the profits or losses. The testimony of Scheuer was supported by that of Charles Ambrecht, who was manager and cashier of the partnership of Scheuer & Company and advised with reference to all contracts, agreements, and arrangements on the part of the partnership. He testified that his understanding was that the agreement between the partnership and Bergen was on a fifty-fifty basis and that the matter was handled in that manner on the books. There was other testimony which supported the contention of the defendant that the agreement with Bergen was in effect that he and the partnership were to share and share alike in the profits and losses resulting from the joint transactions in stock handled by Bergen.

The commissioner who heard the testimony of the witnesses rejected the testimony of Bergen and concluded that the accounts between the partnership and Bergen were joint in character each sharing equally therein and that there is a deficiency in plaintiff's tax account for the year 1929. With this conclusion on the part of the commissioner the court, after reexamination of the evidence, is entirely satisfied.

It follows that plaintiff's petition must be dismissed and it is so ordered.

WILLIAMS, Judge, took no part in this decision.